# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CR-356 RWS |
| ) | |
| RAYMOND WILLIS, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon defendant Raymond Willis's motion for appointment of counsel, filed in his closed criminal action. The motion for counsel will be denied. However, defendant's motion will also be construed as a new motion to vacate, set aside and correct sentence under 28 U.S.C. § 2255.

On July 25, 2018, defendant Raymond Willis pled guilty to a one-count Indictment. Count 1 charged defendant with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2). He was sentenced on December 19, 2018 to a 90 months' imprisonment, to run consecutive to any sentence imposed in the Circuit Court for the City of St. Louis, under Docket No. 1622-CR03133-01. Defendant was also sentenced to two years of supervised release. Defendant did not appeal his conviction or sentence. Furthermore, defendant has not alleged that he asked his counsel to file an appeal of his conviction.

In the motion for appointment of counsel currently before the Court, defendant alleges that he would like the Court to appoint new counsel from the United States Public Defender's Office. He claims that his counsel in his criminal case did not represent him to the best of his ability and did not go over his case thoroughly. Defendant asserts that counsel did not visit him at the

correctional facility or "fight" for his case, and he believes that his counsel made a lot of mistakes with discovery. As a remedy, defendant seeks leave to appeal his conviction.

As the Court explained to defendant in its July 23, 2019 Memorandum and Order, his time for filing an appeal has long since passed, and the statute of limitations for filing post-convictions motions has also almost concluded. *See* Fed.R.App.P. 4(b)(1).[1] Additionally, defendant has not alleged that he asked counsel to file an appeal and counsel refused to do so. Thus, the Court will decline to appoint counsel to defendant.

Defendant has alleged, however, that counsel was ineffective during his representation in defendant's criminal action. These claims must be pursued in a collateral, post-conviction proceeding by filing a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. In light of defendant's allegations, the Court will construe the motion for appointment of counsel as a motion to vacate under § 2255.[2]

Defendant will be ordered to amend his motion to vacate on a court-provided form within thirty (30) days of the date of the opening of his new motion to vacate. His failure to do so will result in a dismissal of the motion to vacate, without prejudice.

---

[1] The one-year limitation period for filing a § 2255 begins to run on the date on which the judgment challenged becomes final —the "conclusion of direct review or the expiration of the time for seeking such review." *See Gozalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012) ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review' – when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in this Court, or in state court, expires."). Defendant's judgment was entered on December 19, 2018. The judgment became final fourteen (14) days later, on January 2, 2019. His statute of limitations, therefore, ends on or about **January 2, 2020.**

[2] If defendant disagrees with opening of his new motion as a § 2255 action, he should seek dismissal of the case within thirty (30) days. The Court's *sua sponte* reclassification of the instant action under 28 U.S.C. § 2255 could deprive defendant of the opportunity for effective collateral review in the future (**prior to ending of the statute of limitations on January 2, 2020**), because there are restrictions on the filing of second or successive habeas petitions. Thus, if the Court reclassifies the instant action under § 2255, defendant's subsequent filing of a § 2255 petition could be dismissed as second or successive. *Cf. Morales v. United States,* 304 F.3d 764, 765 (8th Cir. 2002).

Accordingly,

**IT IS HEREBY ORDERED** defendant's motion for appointment of counsel [Doc. #53] is **DENIED**.

**IT IS FURTHER ORDERED** that a copy of defendant's motion for appointment of counsel [Doc. #53] shall be used to open a new motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that defendant will be required to amend his motion to vacate, set aside or correct sentence on a court-provided form within thirty (30) days of the date of the opening of his new § 2255 action.

**IT IS FURTHER ORDERED** that the Clerk shall mail to defendant a form for filing a motion to vacate pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that defendant's failure to amend his motion to vacate in accordance with the instructions set forth in the court-provided form will result in a dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall docket a copy of this Memorandum and Order in the newly-opened § 2255, as well as a copy of defendant's pro se motion for appointment of counsel [Doc. #53].

**IT IS FURTHER ORDERED** that an appeal of this Order shall not be taken in good faith.

Dated this 6th day of December, 2019.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE